**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MELISSA K. CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LITTON LOAN SERVICING LP, | § | |
| FREMONT REORGANIZING | § | |
| CORPORATION F/K/A FREMONT | § | |
| INVESTMENT & LOAN, ALTEC | § | |
| PROPERTIES, INC. F/K/A | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. AS | § | CAUSE NO.: 4:10-CV-00422 |
| TRUSTEE FOR FREMONT | § | |
| INVESTMENT & LOAN, FIRST | § | |
| AMERICAN DEFAULT | § | |
| INFORMATION SERVICES, LLC | § | |
| D/B/A FIRST AMERICAN REO | § | |
| SERVICING AND HOLLY CARTER, | § | |
| CHRIS WEBB AND DAVID | § | |
| STOCKMAN AS SUBSTITUTE | § | |
| TRUSTEES AND DEUTSCHE BANK | § | |
| NATIONAL TRUST COMPANY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS LITTON LOAN SERVICING, LP AND DEUTSCHE BANK**
**NATIONAL TRUST COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR**
**LEAVE TO AMEND ORIGINAL PETITION**

NOW COME Defendants Litton Loan Servicing, LP ("Litton") and Deutsche Bank National Trust Company ("Deutsche") (collectively, herein "Defendants"), and file this Response to Plaintiff's Partial Unopposed Motion for Leave to Amend Original Petition ("Campbell's Motion"), and respectfully show the Court the following:

## I.      INTRODUCTION

When a defendant has properly removed a case, as determined by the plaintiff's pleading at the time of removal, Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") does not allow a plaintiff to amend her pleading for the purpose of destroying the federal court's jurisdiction.  In her Original Petition and Request for Injunctive Relief, Plaintiff Campbell sought to recover under federal law.  Specifically, Campbell brought a claim under the Fair Debt Collection Practices Act ("FDCPA").  That claim vested this Court with federal question jurisdiction, and accordingly the Defendants exercised their right to remove the lawsuit.  In an improper attempt to destroy removal jurisdiction, Campbell now seeks leave to amend her Original Petition, dropping her FDCPA claim.  Seeking to manipulate the forum and destroy this Court's jurisdiction in that manner is impermissible and beyond the bounds of Rule 15(a).  This Court should deny Plaintiff's Motion, and continue to exercise its subject matter jurisdiction over this lawsuit.

A plaintiff's attempt to drop federal claims in a removed case for the purposes of divesting a federal court of jurisdiction constitutes an improper attempt to manipulate the forum. Because a federal court's jurisdiction attaches at the time of removal, even if a court grants a plaintiff's motion for leave to amend her pleading — dropping her federal claims — the federal court maintains supplemental jurisdiction over the remaining state claims.  By seeking leave to amend her pleading and drop her federal claim, Campbell improperly attempts to divest this Court of jurisdiction and manipulate the forum.  Even if the Court grants Campbell leave to amend her pleading, the Court should maintain jurisdiction over Campbell's remaining state claims.

## II.    FACTUAL BACKGROUND

Campbell filed Plaintiff's Original Petition and Request for Injunctive Relief in state court in Denton County.  Plaintiff named Litton Loan Servicing, LP, Fremont Reorganizing Corporation f/k/a Fremont Investment & Loan, Altec Properties, Inc. f/k/a Mortgage Electronic Registration Systems, Inc. as Trustee for Fremont Investment & Loan, First American Default Information Services, LLC d/b/a First American REO Servicing, Holly Carter, Chris Webb, and David Stockman as Substitute Trustees, and Deutsche Bank National Trust Company as Defendants in the lawsuit.  In her lawsuit, among other claims, Campbell brought an FDCPA claim.  *Plaintiff's Original Petition and Request for Injunctive Relief*, at ¶¶ 48-56.  On August 18, 2010, Defendant First American Default Information Services, LLC d/b/a First American REO Servicing timely and properly removed the case to federal court, relying on federal question jurisdiction over Campbell's FDCPA claim as a basis for removal.  *Notice of Removal (Dkt. No. 1)*, at ¶ 3.  The other Defendants consented to the removal.  With her Motion, Plaintiff now seeks leave to amend her Original Petition and drop her FDCPA claim.  *Plaintiff's Motion (Dkt. No. 13)*, at ¶ 3.

## III.    ARGUMENT & AUTHORITIES

### A.    Applicable Legal Standards

#### 1.    Rule 15(a)

Rule 15(a) states that leave to amend pleadings should be "freely give[n] . . . when justice so requires."  FED. R. CIV. P. 15(a)(2).  However, "leave shall not be granted when the apparent or declared reason for amendment constitutes 'undue delay, bad faith, or dilatory motive on the part of the movant.'"  *Honsaker v. Robert Busch Corp.*, No. Civ. EP-03-CA-339(KC), 2004 WL 1124952, at *1 (W.D. Tex. May 18, 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Amending a pleading "'in an effort to evade federal jurisdiction is surely characterized as bad faith.'" *Id.* (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995)).  Rule 15(a) does not allow a plaintiff "to drop all allegations of federal jurisdiction to destroy removal jurisdiction." *Texas First Nat'l Bank v. Wu*, 347 F. Supp. 2d 389, 400 (S.D. Tex. 2004) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985)).

        2.      **Removal Jurisdiction**

        A court's subject matter jurisdiction "is established by the pleadings at the time of removal." *Id.* (citation omitted); *See also Flanagan v. Wells Fargo Financial Nat'l Bank*, No. 4:09cv44, 2009 WL 1444398, at *2 (E.D. Tex. May 21, 2009) ("The dropping of a federal claim after removal does not divest the Court of jurisdiction.") (citing *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994)).  It is long-settled law that "'post-removal events cannot deprive a court of jurisdiction once it has attached . . . .'" *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (quotation omitted).  Simply stated, "plaintiffs cannot amend away jurisdiction." *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 215 (E.D. Tex. 1996) (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)).  Granting a plaintiff leave to amend her pleading to destroy removal jurisdiction "contravene[s] the purposes of the removal statute.'" *Texas First Nat'l Bank*, 347 F. Supp. 2d at 401.  "[T]he Fifth Circuit [has] instructed courts to carefully scrutinize post-removal requests [that] . . . determine the continuance of a court's jurisdiction and have the potential to deprive deserving defendants of a federal forum." *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 709 (S.D. Tex. 2002) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  Even when federal claims are dropped from a case that has been removed, a federal district court has continuing subject matter

jurisdiction over state claims.  28 U.S.C. § 1367(a); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

**B.      This Court Should Deny Campbell Leave to Amend, Because in Attempting to Amend her Pleading, Campbell Impermissibly Attempts to Divest the Court of Subject Matter Jurisdiction**

Campbell's Motion should be denied.  By dropping her FDCPA claim, Campbell impermissibly seeks to deprive this Court of subject matter jurisdiction.  *See Texas First Nat'l Bank*, 347 F. Supp. 2d at 400.  The Defendants removed this lawsuit to federal court, because Campbell's FDCPA claim vests this Court with federal question jurisdiction.  *Notice of Removal (Dkt. No. 1)*, at ¶ 3.  "It is a fundamental principle of law that subject matter jurisdiction is established by the pleadings at the time of removal."  *Texas First Nat'l Bank*, 347 F. Supp. 2d at 400.  Because at the time of removal, Campbell's FDCPA claim presented a federal question, this Court has subject matter jurisdiction to adjudicate this lawsuit.

Under Rule 15(a), the Court should not grant Campbell leave to amend her pleading, because Campbell's attempt to drop her FDCPA claim, is an impermissible attempt to destroy this Court's subject matter jurisdiction.  *See id.* ("[W]here a case has been removed by a defendant, the plaintiff cannot voluntarily amend its complaint to drop all allegations of federal jurisdiction to destroy removal jurisdiction.") (citation omitted).  By attempting to drop her FDCPA claim, and divest this Court of jurisdiction, Campbell acts in "'bad faith.'"  *Honsaker*, 2004 WL 1124952, at *1 (denying motion for leave to amend when "the amendment apparently serve[d] no purpose other than" destroying federal jurisdiction) (quotation omitted).  Because Campbell acts in "bad faith" Campbell cannot avail herself of Rule 15(a).  *Id.*  Rule 15(a) does not allow Campbell to "amend away jurisdiction."  *Cross*, 927 F. Supp. at 215 (denying leave to amend because "a plaintiff following removal cannot destroy federal jurisdiction simply b[y]

amending a complaint that initially" satisfied applicable jurisdictional requirements) (citations omitted).

Allowing Campbell to amend her pleading in an attempt to destroy this Court's jurisdiction "would contravene the purposes of the removal statute." *Texas First Nat'l Bank*, 347 F. Supp. 2d at 401.  In denying the plaintiffs' motion for leave to amend, the *Texas First Nat'l Bank* court stated if "[p]laintiff[] prefer[red] a state law forum. . . . Plaintiffs' . . . counsel should have contemplated the possibility of removal . . . when drafting the . . . state court petition[ ]." *Id.* at 401 n.12.  Defendants have a right to a federal forum for Campbell's federal claim. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (citation omitted).  Allowing Campbell to amend her pleading to drop her FDCPA claim would "destroy the jurisdictional choice that Congress intended to afford [Defendants] in the removal statute." *Id.*  "'The policy behind this rule is obvious . . . . If a state forum is more important to [Campbell] than h[er] federal claims, [s]he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court.'"  *Id.* (quotation omitted).  Allowing Campbell to "jockey" this case in such a manner would "'drain . . . the resources of the state judiciary, the federal judiciary and the parties involved;'" Campbell's "'tactical manipulation cannot be condoned.'"  *Id.* (quotation omitted).

Fifth Circuit precedent counsels this Court to carefully scrutinize Campbell's post-removal attempts to manipulate the forum and divest this Court of jurisdiction. *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 709 (S.D. Tex. 2002) (denying motion for leave to amend, because the court suspected that the plaintiffs' proposed amendment was "intended solely to destroy" subject matter jurisdiction); *See also Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) (stating that courts should guard against the forum manipulation that

arises when a plaintiff amends his complaint by "'simply . . . deleting all federal-law claims'")

(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).  Campbell's sole purpose

in seeking leave to amend her pleading is to drop her FDCPA claim.  Because Campbell does not

offer any justification for doing so, Campbell impermissibly seeks to destroy the Court's

jurisdiction.  *Honsaker*, 2004 WL 1124952, at *1 (denying motion to for leave to amend,

because "the amendment apparently serve[d] no purpose other than" destroying federal

jurisdiction).  The Court's jurisdiction attached at the time of removal, and Campbell's attempt to

destroy jurisdiction amounts to an improper attempt to manipulate the forum.  Rule 15(a) does

not allow this Court to grant Campbell leave to amend her pleadings under these circumstances.

This Court should deny Campbell's Motion.

**C.     In the Event the Court Grants Campbell's Motion, Plaintiff's Improper Attempt to Manipulate the Forum Requires the Court to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims**

Even if the Court grants Campbell's Motion, allowing Campbell to drop her federal

claim, the Court should exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) and

maintain jurisdiction over Campbell's state claims.  When a case is removed to federal court,

"the question of whether jurisdiction exists is resolved by looking at the complaint at the time the

petition for removal is filed."  *Brown*, 901 F.2d at 1254.  When Defendants removed this case,

federal question jurisdiction existed on the basis of Campbell's FDCPA claim.  Campbell now

seeks to drop her FDCPA claim, but by dropping this claim, Campbell cannot divest this Court

of jurisdiction.  *Id.* ("[W]hen there is a subsequent narrowing of the issues such that the federal

claims are eliminated and only pendent state law claims remain, federal jurisdiction is not

extinguished.").  Having jurisdiction over Campbell's remaining state claims, this Court should

exercise its discretion to retain Campbell's state claims.  *Id.*

In determining whether to retain Campbell's claims, this Court:

> [S]hould consider whether the plaintiff has "attempted to manipulate the forum" in which h[er] case will be heard "simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case," and should guard against such manipulation by [maintaining jurisdiction over remaining state claims].

*Id.* at 1255.

In applying this standard, a federal district court noted:

> [W]e note that Plaintiff has not offered any reason for remand other than its mistaken attempt to claim that this court lacks subject matter jurisdiction.  As a result, we must conclude that plaintiff's "sole apparent reason for seeking remand was to destroy removal jurisdiction." (quotation omitted).  [T]hat is, "precisely the sort of forum manipulation proscribed by *Carnegie-Mellon*."  *Brown*, 901 F.2d at 1255.  This naked attempt at forum manipulation should not be allowed.

*Guillot v. Bellsouth Telecomm., Inc.*, 923 F. Supp. 112, 114 (W.D. La. 1996), *aff'd*, 100 F.3d 953 (5th Cir. 1996).

Although Campbell has not yet sought remand, it is anticipated that should the Court grant Campbell's Motion, Campbell will seek to remand the remaining state claims to state court. If Campbell seeks remand on this basis, Campbell's "'sole apparent reason for seeking remand [would be] to destroy removal jurisdiction,'" and would amount to "'precisely the sort of forum manipulation proscribed by *Carnegie-Mellon*.'"  *Guillot*, 923 F. Supp. at 114 (quotations omitted).  Indeed, this is classic forum manipulation.  Even if this Court grants Campbell's Motion, the Court should nonetheless bar Campbell's "naked attempt at forum manipulation," and exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) over Campbell's remaining claims.  *See* 28 U.S.C. § 1367(a); *Guillot*, 923 F. Supp. at 114.

## IV.    CONCLUSION AND PRAYER

WHEREFORE, Litton and Deutsche pray that the Court in all things deny Plaintiff's Partial Unopposed Motion for Leave to Amend Original Petition, thereby precluding Campbell from amending her pleading.  Alternatively, should the Court grant Campbell's Motion, Litton

and Deutsche pray that the Court maintain jurisdiction over Campbell's remaining claims.  Litton

and Deutsche further requests all other relief, both legal and equitable, to which they may justly

be entitled.

Respectfully submitted,

/s/ Thomas G. Yoxall
Thomas G. Yoxall
   State Bar No. 00785304
Kelly O. Orlando
   State Bar No. 24046560
Matthew K. Hansen
   State Bar No. 24065368
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue
Suite 2200
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

**ATTORNEYS FOR DEFENDANTS LITTON
SERVICING, LP AND DEUTSCHE BANK
NATIONAL TRUST COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on this the 8th day of September, 2010 on counsel of record:

Mark A. Nacol
900 South Sherman St.
Richardson, Texas 75088

Travis Gray
Jack O'Boyle & Associates
P.O. Box 815369
Dallas, TX 75381

Diana E. Stevens
550 Westcott Street, Ste. 560
Houston, TX 77007

Gregg D. Stevens
McGlinchey Stafford, PLLC
2711 North Haskell Avenue, Ste. 2700
Dallas, TX 75204

C. Charles Townsend
Akerman Sentertfitt, LLP
Plaza of the Americas, Ste. S1900
Dallas, TX 75201

/s/ Kelly Orlando
Kelly O. Orlando